UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD E. MAUL, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-03295-JPH-MPB |
| CYNDIE RN, JOSE P BHRA, DR YOUNG R MD, | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff, Richard Maul, alleges that Defendants violated his constitutional rights by forcing him to take medicine against his will. Defendants have moved to dismiss the case on the basis that the Court lacks jurisdiction. Because a state court previously ordered Mr. Maul to take medications as prescribed, his claim is essentially an appeal of that state-court judgment. Federal district courts do not have jurisdiction over appeals from state-court judgments, so the Court grants the motion to dismiss and dismisses the case for lack of jurisdiction. Dkt. [19]; dkt. [38].

## I.
## Facts and Background

Mr. Maul is a patient at Richmond State Hospital. Dkt. 1. He was involuntarily committed to the hospital in November 2016, after the Henry County Circuit Court found that he was mentally ill "due to a psychiatric disorder that substantially disturbs his thinking, feeling, and behavior." Dkt. 21-1. The court also found that there was a substantial risk that Mr. Maul

1

would hurt himself or others and committed him to the hospital with the condition that he take prescribed medications.  *Id.*  In November 2018, the court reviewed the case and entered an order continuing the Mr. Maul's commitment (collectively, the "Commitment Order").  Dkt. 21-2.

Mr. Maul sued Doctor Young, Doctor Pearson, and Nurse Gates under 42 U.S.C. § 1983 for violating his constitutional rights.  Dkt. 1; dkt. 16; dkt. 18.  According to Mr. Maul, Defendants gave him shots of Risperdal and another substance against his will.  Dkt. 1 at 2.  He complains that Defendants consider him dangerous to himself and others despite the fact that he has not "done anything wrong."  *Id.*  Defendants moved to dismiss Mr. Maul's complaint, dkt. 19, dkt. 38, and Mr. Maul has not responded to either motion.

## II.
## Applicable Law

Defendants have moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.  When ruling on a 12(b)(1) motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff.  *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).  In addition, the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993) (per curiam).

Since Mr. Maul is a *pro se* plaintiff, the Court construes his complaint liberally and holds it to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III.**
**Analysis**

Mr. Maul alleges that when Defendants forced him to take medicine against his will, they violated his rights under the Due Process Clause of the Fourteenth Amendment. *Washington v. Harper*, 494 U.S. 210, 222 (1990) (holding that prisoners cannot be forcibly medicated without due process). Defendants argue that the Court does not have jurisdiction because adjudication of Mr. Maul's complaint would require the Court to review the merits of a state-court decision—which is prohibited by the *Rooker-Feldman* doctrine.

Under the *Rooker-Feldman* doctrine, lower federal courts do not have jurisdiction over cases "brought by state court losers challenging state court judgments rendered before the district court proceedings commenced." *Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016). In short, lower federal courts do not have appellate jurisdiction over state courts. *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir.), *cert. denied*, 138 S. Ct. 227 (2017).

When deciding if the *Rooker-Feldman* doctrine applies, the court asks if the plaintiff "seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Jakupovic v. Curran*, 850 F.3d 898, 902

3

(7th Cir. 2017) (citation and internal quote marks omitted). If the claim seeks to set aside a state-court judgment, it is barred without further analysis. *Id.* But even if a claim does not purport to directly appeal a state-court decision, it is barred under the *Rooker-Feldman* doctrine if it is "inextricably intertwined" with the state-court judgment. *Id.*

The phrase "'inextricably intertwined' is a somewhat metaphysical concept," but at its core, it applies when adjudicating a claim would require a court to review the merits of a state-court decision. *Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004) (quotation and citation omitted). If the plaintiff would have no claim "but for" the adverse state-court judgment, it is intertwined with that judgment. *Ritter v. Ross*, 992 F.2d 750, 754–55 (7th Cir. 1993). If the claim is intertwined with a state-court judgment, then the court must consider if the plaintiff had a reasonable opportunity to raise the issue in the state-court proceeding. *Brokaw v. Weaver*, 305 F.3d 660, 668 (7th Cir. 2002). If so, the court lacks jurisdiction under the *Rooker-Feldman* doctrine. *Taylor*, 374 F.3d at 533.

Determining when a forced-medication claim is inextricably intertwined with a state-court judgment turns on whether the complaint alleges a procedural or substantive deficiency in the state court's order. *See Young v. Murphy*, 90 F.3d 1225, 1231 (7th Cir. 1996). A claim that challenges the procedure a court followed in its order is not foreclosed by the *Rooker-Feldman* doctrine. For example, in *Johnson v. Tinwalla*, 855 F.3d 747, 749 (7th Cir. 2017), the court held that the plaintiff alleged a viable forced-medication claim

4

after finding that the defendant "didn't follow Illinois's procedure for ordering forced medication." Since a forced-medication claim is premised on the Due Process Clause of the Fourteenth Amendment, federal courts have jurisdiction to consider whether a defendant's process for requiring a plaintiff's forced medication was somehow constitutionally inadequate. *See e.g.*, *Felce v. Fiedler*, 974 F.2d 1484, 1500 (7th Cir. 1992) (holding held that a defendant's procedure for forcing parolees to take antipsychotic drugs was constitutionally inadequate).

But the Due Process Clause does not give federal courts jurisdiction to review the merits of state-court judgments. A claim challenging the substance of a state-court judgment, rather than the procedure followed in reaching that judgment, is foreclosed by the *Rooker-Feldman* doctrine. For example, in *Young*, an attorney brought a section 1983 claim alleging that his client's due process rights were violated after a state court determined that his client was incompetent. 90 F.3d at 1231. While the plaintiff stylized his complaint as a procedural challenge to the competency hearing, the relief sought by the plaintiff was "to have the district court review the specifics of [his client's] incompetency proceeding, declare it error, and provide damages . . . for the error." *Id.* Therefore, the court dismissed the case under the *Rooker-Feldman* doctrine as a substantive challenge to a state-court judgment. *Id.* at 1232.

More on point, in *Wilson v. Shumway*, 264 F.3d 120, 125 (1st Cir. 2001), a *pro se* plaintiff brought a forced-medication claim under section 1983 that did not challenge the "policies and practices governing involuntary

5

administration of anti-psychotic medication." Instead, the plaintiff only alleged that he should not have been forced to take "medications against his will." *Id.* at 125-26. The court found that the complaint amounted to a challenge of the state-court's forced-medication order, so the court affirmed dismissal under the *Rooker-Feldman* doctrine. *Id.*; *see also Capers v. Kirby Forensic Psychiatric Ctr.*, No. 13-cv-6953, 2016 WL 817452, at *1 (S.D.N.Y. Feb. 25, 2016) (dismissing *pro se* complaint under the *Rooker-Feldman* doctrine because the plaintiff's complaint challenged a state-court judgment authorizing his forced medication).

Here, Mr. Maul's complaint contains no facts about the procedure Defendants followed when forcibly medicating him, let alone allegations that the procedure was deficient. Rather, it challenges the substance of the Commitment Order, alleging that Defendants violated his rights when they followed a court order requiring him to take prescribed medicine. Mr. Maul claims Defendants violated his rights because he isn't a threat to others and shouldn't be required to take medicine against this will.

But in attacking the merits of a state-court order, not the procedure followed in arriving at that order, Mr. Maul runs afoul of the *Rooker-Feldman* doctrine. Mr. Maul's claim that he is not a threat to others or himself is inextricably intertwined with the state-court order finding that he is such a threat. The Court cannot rule on one without considering the other. And the Court cannot decide whether Defendants violated Mr. Maul's rights without first considering whether he should be required to take prescribed medications

6

in the first place—an issue already decided by the state court. Indeed, but for that state-court order, Defendants would not have medicated Mr. Maul. Therefore, regardless of how the claim was articulated in the complaint, Mr. Maul asks the Court to review the substance of a state-court order.

The Court cannot exercise jurisdiction over a case when the only remedy sought is the reversal of a state-court judgment. Mr. Maul does not petition the Court for a procedural change, such as a more balanced hearing before a commitment order like his may be entered. *See e.g.*, *Felce*, 974 F.2d 1484. Rather, he seeks an order holding that he should not be forced to take medicine against his will. Dkt. 1 at 2. The Court does not have jurisdiction to reverse or invalidate a state-court judgment, no matter how unfair the judgment may seem to Mr. Maul.

Mr. Maul had an opportunity to challenge the Commitment Order at the state court proceeding where he was represented by counsel. Dkt. 21-1. Mr. Maul remains free to avail himself of the procedures provided by Indiana law to challenge the Commitment Order entered by the Henry County Circuit Court. But he may not seek review of the Commitment Order by this Court because it does not have jurisdiction to act as an appellate court for the state court's Commitment Order.

## IV.
## Conclusion

Mr. Maul's complaint is inextricably intertwined with the state-court order requiring his forced medication. Therefore, the Court **GRANTS** Defendants' motions to dismiss, and the case is **DISMISSED**. Dkt. [19]; dkt.

[38]. The Court also **DENIES as moot** Mr. Maul's motion for relief, dkt. [32], and motion for a conference with the Court, dkt. [43]. A final judgment consistent with this Order will now be entered.

**SO ORDERED.**

Date: 6/25/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RICHARD E. MAUL
Richmond State Hospital
498 N.W. 18th Street
Richmond, IN 47374

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Brandon J. Kroft
CASSIDAY SCHADE LLP
bkroft@cassiday.com

Daniel Sheroff
dsheroff@cassiday.com